**Herman Henry MILLS, Jr., etc., et al., Plaintiffs,**

**United States of America, Plaintiff-Intervenor, Appellant,**

v.

**POLK COUNTY BOARD OF PUBLIC INSTRUCTION et al., Defendants-Appellees.**

No. 77–2927.

United States Court of Appeals, Fifth Circuit.

June 30, 1978.

John L. Briggs, U. S. Atty., Jacksonville, Fla., James P. Turner, Deputy Asst. Atty. Gen., Teresa T. Milton, Thomas M. Keeling, Richard G. McBroom, Jr., Louie M. Stewart, Attys., John Hammock, Dept. of Justice, Civil Rights, Appellate, Frank Allen, Jr., Dept. of Justice, Washington, D. C., for plaintiff-intervenor, appellant.

Clarence Boswell, Jr., Dabney L. Conner, Bartow, Fla., for Polk Ed. Assn.

Larry R. Jackson, Lakeland, Fla., Earl M. Johnson, Jacksonville, Fla., Norris D. Woolfolk, III, Orlando, Fla., Jack Greenberg, William L. Robinson, New York City, for Mills et al.

Before GOLDBERG, CLARK and RO-NEY, Circuit Judges.

PER CURIAM:

 The United States, intervenor in the action below, appeals a court order requiring defendant Polk County Board of Public Instruction to implement a desegregation plan that leaves unaffected the first and second grades of all-black Bethune elementary school. We find no justification for the exclusion of these grades from the plan and accordingly remand the case to the district court for modification of its order.

Bethune elementary school was established for blacks when Polk County, Florida, operated under a dual education system. Despite implementation of a court-ordered geographic zoning plan for Polk County schools in May 1969, Bethune and two other Polk County elementary schools remained virtually all black until this year. In September 1975 the district court ordered the school board to submit alternative proposals for desegregating the three schools. Under the proposed desegregation plan affecting Bethune, third grade students from the Bethune, Eastside, and Alta Vista elementary school attendance areas would attend Alta Vista, fourth graders would attend Eastside, and fifth graders would attend Bethune. The plan contained no provision for the desegregation of the first and second grades, thus leaving those grades virtually all black at Bethune and virtually all white at Eastside. The United States filed a reply objecting to the exclusion, but after an evidentiary hearing the district court ordered implementation of the plan as submitted by the school board.

The district court's findings of fact and conclusions of law state no reason for excluding the first and second grades from the desegregation plan, and none can be gleaned from the record. We find no merit in the school board's suggestion that the first and second grades were excluded because there was insufficient time between the court's order and the start of the school year to implement a plan encompassing all grades.

Finding no justification for the exclusion, we remand the case to the district court with directions that the desegregation plan affecting Bethune elementary school be modified to eliminate the racial imbalance existing in the first and second grades. *See Flax v. Potts,* 464 F.2d 865 (5th Cir.), *cert. denied,* 409 U.S. 1007, 93 S.Ct. 433, 34 L.Ed.2d 299 (1972). We intimate no opinion on the manner in which these grades should be desegregated, that being an issue on which the district judge has not yet passed.

Early attention to this matter by the defendant school board should avoid the timing problem with which the court was faced in the hearing ten days before the opening of the 1977–78 school term. There should be no difficulty in handling this case in such a way as to permit implementation of the ultimate plan at the start of the 1978–79 school year.

REMANDED.